E-FILED
Thursday, 16 July, 2015 04:06:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BELL, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    15-CV-3118 |
| | ) |
| MICHELLE SADDLER, | ) |
|     Defendant. | ) |
| | ) |

CASE MANAGEMENT ORDER

The pro se Plaintiff is detained in the Rushville Treatment and Detention Center and seeks leave to proceed in forma pauperis.[3] The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The Plaintiff has named the former secretary at Rushville, Michelle Saddler, as a Defendant. Plaintiff says Saddler violated his constitutional rights when she failed to pay him

for his job at the facility. However, "Plaintiff has no right based on federal law to even have a job while in the detention center, much less a right to be paid what he perceives to be a fair wage." *Young v. Monahan*, 2007 WL 2700011 at *1 (C.D.Ill. 2007); *see also McKune v. Lile,* 536 U.S. 24 (2002)(no constitutional claim for reduction in pay from potential minimum wage to .60 cents per day); *Wallace v. Robinson,* 940 F.2d 243, 248 (7th Cir.1991)(prisoner has no constitutional right to particular job assignment). Therefore, the Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is denied. [3] Plaintiff's complaint is dismissed for failure to state a federal claim. The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58. The case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Entered this 16th day of July, 2015.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE